ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DEMETRIO VELEZ,

                          Plaintiff,        FIRST AMENDED
                                          COMPLAINT
     -against-                                   04 CV 6183 (NRB)

THE CITY OF NEW YORK, SANDRA DAILY,
CLINT McGREGOR , RAYMOND MIELES,
HERIBERTO MUNIZ, MICHAEL HOWERY,
JAMIL PAYNE, BENNIE VANCE, MICHAEL
WALLEN, and "JOHN DOE"1-5, the names
being fictitious and presently unknown,
individually and in their official capacity as
employees of the New York City Police
Department,

                        Defendants.        **Jury Trial Demanded**

------------------------------------------------------------x

       DEMETRIO VELEZ, by his attorneys, the Law Offices of Matthew Flamm, alleges the following upon information and belief as his First Amended Complaint.

<u>Nature of the Action</u>

       1.     This civil rights action arises from the February 25, 2004 unlawful arrest and evil mistreatment of Demetrio Velez.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.

<u>Jurisdiction</u>

       2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367.  Plaintiff requests that this Court exercise pendent

jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

## Venue

3. Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

## Parties

4. Plaintiff Demetrio Velez is a 68 year old citizen of the United States of America residing in the State and City of New York, County of Kings. He has had diabetes for approximately nineteen years.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendant MICHAEL WALLEN was plaintiff's arresting officer and was, at all times relevant, a duly appointed and acting employee of the City of New York and were assigned to the 75th Police Precinct, Brooklyn, New York.

7. Defendants SANDRA DAILY, RAYMOND MIELES, HERIBERTO MUNIZ, JAMIL PAYNE and BERNIE VANCE were responsible for and otherwise present at plaintiff's arrest or were responsible for and otherwise present during plaintiff's transportation to the Precinct Stationhouse. They

were, at all times relevant, duly appointed and acting employees of the City of New York and were assigned to the 75th Police Precinct, Brooklyn, New York.

8.  CLINT McGREGOR was the supervising Sergeant at the scene of Mr. Velez's arrest and was responsible for allowing the arrest to take place. He was, at all times relevant, a duly appointed and acting employee of the City of New York and was assigned to the 75th Police Precinct, Brooklyn, New York.

9.  Defendant MICHAEL HOWERY was the 75th Precinct Stationhouse Desk Officer when Mr. Velez was brought into custody. He was, at all times relevant, a duly appointed and acting employee of the City of New York and was assigned to the 75th Police Precinct, Brooklyn, New York.

10. Defendants "JOHN DOE" 1 through 5, were at all times relevant duly appointed and acting employees of the City of New York and were assigned to the 75th Police Precinct, Brooklyn, New York.

11. At all times relevant, the individual defendants were acting under color of state law.

12. The individual defendants involved in the incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

## Notice of Claim

13. On March 4, 2004 and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

14. The Notice of Claim was in writing, sworn to by the plaintiff, and contained the name and post office address of the plaintiff and of his attorney.

15. The Comptroller's office assigned the case Claim Number 2004PI007016.

16. The Notice of Claim set out the nature of the claim, the time when, the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained.

17. The new York City Comptroller's office assigned the case claim number 2004PI007016.

18. The City of New York has neglected and failed to adjust the claims within the statutory time period.

19. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

Facts Underlying
<u>Plaintiff's Claims for Relief</u>

20. On February 25, 2004 beginning at or around 1:30 p.m. at and around 2673 Pitkin Avenue, Brooklyn, New York the individual defendants, or some of them, unlawfully accosted and arrested the plaintiff and set in motion a preternatural thirty six hour ordeal which included the depraved and malevolent denial to Mr. Velez of his daily insulin.

21. The plaintiff had an appointment on February 25, 2004 to meet an official from the New York City Human Resources Administration – Office of Revenue and Investigation. The plaintiff owns a small apartment building in East New York located at 2673 Pitkin Avenue, Brooklyn, New York. The appointment was to do with the rental of a studio in Mr. Velez' building to a person named Edwin Rivera.

22. Mr. Velez was waiting with Mr. Rivera for the HRA employee near to his residence at 2673 Pitkin Avenue. At some point – approximately

2:00 p.m. – Mr. Rivera went to a nearby grocery store and a short time later Mr. Velez followed him there.

23. The grocery store, located at 2675 Pitkin Avenue, was familiar to Mr. Velez as he had formerly owned and operated it as "Velez Grocery" before selling it in 1999.

24. Without cause or justification, two or more of the of the individual defendants entered the grocery store and handcuffed and searched Mr. Velez.

25. Mr. Velez asked why he was being arrested and one of the individual defendants replied with words akin to "you'll find out."

26. The arresting officers confiscated Mr. Velez's wallet and placed him a police van.

27. The unlawful search of Mr. Velez did not yield any evidence of any criminal activity.

28. The search and arrest of Mr. Velez was made by the three individual defendants without any lawful basis – either reasonable suspicion, probable cause, or indeed any basis whatsoever.

29. Mr. Velez was driven around in the police van for approximately two hours. He remained handcuffed.

30. Mr. Velez informed the defendant police officers with him in the van that he was sick with diabetes. One or more of these individual defendants told Mr. Velez that he would have to wait to get medical attention until he got to the Precinct.

31. Eventually Mr. Velez was taken to the 75th Precinct Stationhouse, where he informed defendant Howery that he had diabetes, required two injections each day, and that he regularly took insulin at around 4:30 p.m. to 5:00 p.m.

32. At this time, Mr. Velez was not given insulin and was not provided with any medical attention.

33. At or about 10:30 p.m. Mr. Velez was removed from his cell for photographing and fingerprinting. He again informed the one or more of the individual defendant officers that he had diabetes and that his sugar felt high and he needed medical attention. The defendant officers ignored him.

*34.* At or about 11:00 p.m. on February 25, 2004 Mr. Velez was transported to Central Booking. He was examined by a nurse but was not given insulin or other proper medical attention. He was told that because he was feeling ill he had to be transported back to the 75th Precinct. However, he was kept at Central Booking until approximately 7:00 a.m. before being transported back to the 75th Precinct.

35. Upon his return to the 75th Precinct, he was not given insulin or any other medical attention. He was kept at the 75th Precinct until approximately 1:00 p.m. when he became so ill he had to be taken to the hospital. At this time Mr. Velez had been incarcerated for approximately twenty four hours without receiving his insulin or any other needed medical attention.

36. Thereafter, due to being denied basic and adequate medical attention, he was taken to Brookdale Hospital where he was given insulin and medication for his high blood pressure.

37. Upon release from Brookdale Hospital, medical staff informed the police officer who had escorted him to the hospital, upon information and belief, Vincent Forlenza, that Mr. Velez must be fed in about an hour once he got back to the 75th Precinct.

38.     Mr. Velez, upon return from the hospital to the 75th Precinct, was denied food or water.

39.     At about 6:00 p.m. on February 26, 2004, Mr. Velez was transferred once again to Central Booking where he again was subjected to the humiliating process of being photographed and fingerprinted.

40.     Some time around 2:00 a.m. on February 27, 2004, Mr. Velez was informed that he was not being charged with a crime and would be able to go home.

41.     His wallet was returned to him; however, it was missing the few dollars he had had when he was arrested some thirty six hours before.  He got back to his home at about 4:00 a.m. on February 27, 2004.

42.     The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful search, detention, arrest, and outrageous denial of medical care.

43.      As a result of the foregoing, Mr. Velez suffered great physical stress and trauma associated with being denied vital and essential medication and basic nourishment.  The full scope and extent of his physical injuries are at present unknown.

44.     As a result of the foregoing, Mr. Velez suffered severe emotional distress, and the shock, fright, and humiliation of being publicly searched, detained, arrested, and driven from his neighborhood in a police vehicle. He suffered deprivation of his constitutional rights and other injuries.

45.     At all times relevant, in searching, detaining, arresting, and denying essential medical care to Mr. Velez, the individual defendants acted intentionally, willfully, maliciously, negligently, wantonly, outrageously, and

with reckless disregard and deliberate indifference to Mr. Velez's rights as well as his physical and mental well-bing.

## FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

46.     Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

47.     By the actions described above, the individual defendants, or some of them, deprived Mr. Velez of his rights, privileges and immunities secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

48.     As a consequence thereof, Demetrio Velez has been injured.

## SECOND CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER ARTICLE ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

49.     Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

50.     By the actions described above, the individual defendants, or some of them, deprived Mr. Velez of his rights secured by the Constitution of the State of New York, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search except on probable cause or pursuant to warrant.

51.     As a consequence thereof, Demetrio Velez has been injured.

### THIRD CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

52. Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

53. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

54. As a consequence thereof, Demetrio Velez has been injured.

### FOURTH CLAIM FOR RELIEF FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

55. Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

56. As described above, the individual defendants, or some of them, acted with deliberate indifference to the plaintiff's serious medical needs, by among other things, failing to provide necessary and basic treatment for his diabetes, despite that defendants were aware of Mr. Velez's serious medical needs.

57. Defendants consciously disregarded the serious medical risk posed by Mr. Velez's potentially life-threatening condition by, among other things, failing to provide essential medication.

58. As a consequence thereof, Demetrio Velez has been injured.

### FIFTH CLAIM FOR RELIEF FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION IN VIOLATION OF ARTICLE ONE, SECTION SIX OF THE NEW YORK STATE CONSTITUTION

59. Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

60. As described above, the individual defendants, or some of them, acted with deliberate indifference to the plaintiff's serious medical needs, by among other things, failing to provide essential medication.

61. Defendants consciously disregarded the serious medical risk posed by Mr. Velez's potentially life-threatening illness.

62. As a consequence thereof, Demetrio Velez has been injured.

### SIXTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

63. Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

64. By the actions described above, the individual defendants, or some of them, deprived Mr. Velez of his rights, privileges and immunities secured by the Constitution and laws of the United States in violation of 42. U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

65. As a consequence thereof, Demetrio Velez has been injured.

### SEVENTH CLAIM FOR RELIEF FOR ASSAULT

66. Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

67. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

68. As a consequence thereof, Demetrio Velez has been injured.

### EIGHTH CLAIM FOR RELIEF FOR BATTERY

69. Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

70. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

71. As a consequence thereof, Demetrio Velez has been injured.

### NINTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

72. Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

73. The individual defendants, and each of them, failed to intervene to prevent, end or truthfully report the unlawful search, detention, use of force, arrest and denial of medical care to Mr. Velez, despite having a reasonable opportunity to do so.

74. As a consequence thereof, plaintiff had been injured.

### TENTH CLAIM FOR RELIEF AGAINST DEFENDANT McGREGOR FAILURE TO PROPERLY SUPERVISE

75. Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

76. At all times relevant, defendant McGregor was employed by the New York City Police Department in a supervisory capacity with responsibility for and supervision of the conduct of the other individual defendants participating in plaintiff's arrest and transport.

77. Defendant McGregor, in addition to participating in the incident, failed to properly supervise his subordinates or to otherwise take action to remedy the wrong done to Mr. Velez. Defendant McGregor was grossly negligent in supervising the subordinate defendants by, among other things, failing to properly report upon the incident and failing to take any disciplinary action against the other defendants.

78. As a consequence thereof, plaintiff had been injured.

ELEVENTH CLAIM FOR RELIEF AGAINST THE CITY OF NEW YORK
FOR VIOLATING PLAINTIFF'S RIGHTS UNDER THE FOURTH AND
<u>FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION</u>

79. Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

80. The conduct to which Mr. Velez was subjected resulted from and was caused by defendant City of New York's failure properly to train and supervise its personnel, including the Police and Correction personnel involved herein.

81. New York City policymakers knew to a moral certainty that their employees confront situations requiring them to immediately provide necessary and essential medical treatment and other health care to detainees, that employees would be presented with difficult choices of the sort that training or supervision would make less difficult or that there is a history of employees mishandling such situations, and the employees' wrong choice frequently caused the deprivation of constitutional rights.

82. This failure constitutes deliberate indifference to plaintiff's rights and created the atmosphere allowing the individual defendants to believe that they could ignore the plain fact that an elderly man was suffering from, among other things, an immediate need for insulin for his diabetes.

83. As a consequence thereof, Demetrio Velez has been injured.

<u>TWELFTH CLAIM FOR RELIEF FOR NEGLIGENCE</u>

84. Plaintiff repeats the allegations of paragraphs 1-45 as though fully stated herein.

85. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel,

-12-

including assigning, training, supervising or disciplining individual Police personnel who unlawfully search and arrest individuals and hold them without charges lodged against them or who fail to provide necessary and basic medical care

86.     The defendant City of New York's failure properly to assign, train, supervise or discipline its Police Officers, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional searches and arrests and allowed the defendants to believe that they could with impunity search and arrest Mr. Velez and hold him without charges for 36 hours and deny him necessary and basic medical care.

87.     By reason of the foregoing, the individual defendants, either individually and through defendant's agents, servants and employees, failed and refused to use such care in the performance of their duties as a reasonably prudent law enforcement employees would have used under similar circumstances.

88.     As a consequence thereof, Demetrio Velez has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

    (A)    Declaratory relief as follows:

        1.    A declaration that plaintiff's right to be free from unreasonable searches and seizures under the United States Constitution was violated;

        2.    A declaration that plaintiff's right to be free from unreasonable searches and seizures under the New York State Constitution was violated;

   3. A declaration that plaintiff's right to be free from deliberate indifference to his serious medical needs under the Fourteenth Amendment to the United States Constitution was violated;

   4. A declaration that plaintiff's right to be free from deliberate indifference to his serious medical needs under the New York State Constitution was violated;

   5. A declaration that plaintiff's right to be free from unreasonable force under the United States Constitution was violated;

   6. A declaration that plaintiff's right to be free from unreasonable force under the New York State Constitution was violated;

(B) Compensatory damages in an amount to be fixed at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorney's fees under 42 U.S.C. §1988;

(F) Such other and further relief as this Court may deem just and proper.

Dated: February 2, 2005
   Brooklyn, New York

         Law Offices of Matthew Flamm
         Attorneys for Plaintiff

         _____S/_____
         By: MATTHEW FLAMM **MF1309**
         26 Court Street, Suite 600
         Brooklyn, New York  11242
         (718) 797-3117